# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 12, 2023
Lyle W. Cayce
Clerk

No. 22-20095

Jose Flores; Jean Romero-Rodriguez; Brandon Villarreal,

*Plaintiffs—Appellants,*

versus

FS Blinds, L.L.C.,

*Defendant—Appellee.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-cv-4114

Before Wiener, Higginson, and Wilson, *Circuit Judges.*[*]
Cory T. Wilson, *Circuit Judge*:

This is an overtime case. Three installers of window blinds sued FS Blinds, L.L.C., the company for which they worked. The district court granted summary judgment to FS Blinds, determining that Plaintiffs had not met their prima facie burden to show they worked overtime. The court dismissed the case, and Plaintiffs appealed.

---

[*] Judge Wiener concurs only in the judgment.

No. 22-20095

We reverse. Plaintiffs have met the lenient standard under *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–88 (1946), and therefore survive summary judgment, at least as to whether, if employees, Plaintiffs worked overtime. But we decline to reach whether Plaintiffs were employees or independent contractors and instead remand for the district court to consider that question anew in view of this opinion.

**I.**

FS Blinds, a seller and installer of window blinds in Texas, engaged Plaintiffs Jose Flores, Jean Romero-Rodriguez, and Brandon Villarreal to install blinds. Flores worked for FS Blinds from mid-April 2018 until early October 2019. Romero-Rodriguez did so from early March until late October 2019, and Villareal worked from early August 2018 until early April 2020, though he performed no work for FS Blinds for several weeks during that period.

Plaintiffs measured windows for blinds, delivered and installed blinds, and repaired damaged blinds, mostly in newly constructed homes. While the company's office and warehouse are in Pearland, Plaintiffs traveled to job sites across the greater Houston area. Because FS Blinds treated Plaintiffs as independent contractors, it did not maintain records of the hours Plaintiffs spent performing work for the company. Instead, Plaintiffs received flat fees for each window measurement, blinds installation, or blinds repair completed without regard to how long the job took or the travel time from one job site to the next. FS Blinds owned the warehouse and maintained the inventory of blinds, but Plaintiffs traveled to job sites in their own vehicles and used their own tools to complete the jobs.

Plaintiffs did not have set work schedules. Instead, each afternoon, FS Blinds sent them lists of jobs for the next day. The next morning, Plaintiffs picked up the day's blinds from FS Blinds's warehouse. Flores and

Romero-Rodriguez had early pickup times, arriving at the warehouse between 5:00 and 5:30 a.m. Villarreal had a later time, between 7:00 and 8:00 a.m. After pickup, Plaintiffs left the warehouse and traveled to job sites to complete their assignments. Each Plaintiff was largely responsible for managing his own schedule throughout the day. So long as the day's job list did not specify otherwise, Plaintiffs could complete the jobs in any order they chose. And if they failed to complete all the jobs on the day's list, they could roll jobs over to the next day.

Plaintiffs' daily quitting times varied. Flores usually finished between 8:30 and 10:00 p.m. but sometimes worked as late as midnight. Romero-Rodriguez usually finished between 7:30 and 8:30 p.m. Villarreal, between 7:00 and 10:00 p.m.

While their usual weekly work schedules were Monday through Friday, Plaintiffs sometimes worked Saturdays. Other times, they worked fewer than five full days, at times working as little as one day a week. And as noted above, Villareal did no work at all for FS Blinds during several weeks over the course of his year-and-a-half stint with the company. Despite the variations in their schedules, Plaintiffs assert they each worked an average of "around 70 hours per week."

In October 2019, Plaintiffs sued FS Blinds for failing to pay overtime compensation, as required under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 207. FS Blinds countered that "Plaintiffs were classified as independent contractors" and therefore were ineligible for overtime compensation. *See id.*

After discovery, both sides moved for summary judgment. The district court denied Plaintiffs' motions, but it granted summary judgment to FS Blinds. The court determined that Plaintiffs had failed to meet their prima facie burden to show they worked overtime. Based on that conclusion,

the court dismissed Plaintiffs' claims. The court denied summary judgment as to whether Plaintiffs were independent contractors, stating only that "a genuine question of material fact exists regarding Plaintiffs' employee status." After the district court entered its final judgment, Plaintiffs timely appealed.

## II.

We review a summary judgment *de novo*, applying the same legal standards as the district court. *Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 255 (5th Cir. 2020). "[O]n cross motions for summary judgment," we "address[] each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *CANarchy Craft Brewery Collective, LLC v. Texas Alcoholic Beverage Comm'n*, 37 F.4th 1069, 1074 (5th Cir. 2022) (quotation omitted). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

The FLSA requires that employers pay certain employees overtime compensation. 29 U.S.C. § 207. Employers who fail to pay the requisite compensation are liable to the affected employees for unpaid overtime. *Id.* § 216(b). But the statute's overtime protections apply only to covered "employees," not to independent contractors. *Id.* § 207. This case centers on these two questions: (A) whether Plaintiffs worked overtime for which they were not paid, and (B) whether they were employees of FS Blinds, or independent contractors.

No. 22-20095

### A.

We begin with overtime. All parties agree that because FS Blinds did not keep records of Plaintiffs' hours, the burden-shifting standard from *Mt. Clemens*, 328 U.S. at 686–88, applies. The district court determined that Plaintiffs had not met their prima facie burden under *Mt. Clemens* because they "fail[ed] to substantiate their overtime claims with any specific facts, relying on conclusory and speculative assertions." But under our precedent, *Mt. Clemens* is a not a tall slope. Plaintiffs have summited it.

### 1.

First, the *Mt. Clemens* standard.

Usually, a plaintiff who brings a claim for unpaid overtime bears "the burden of proving that he performed work for which he was not properly compensated." 328 U.S. at 687. This burden is "easily discharge[d]" where an employer keeps accurate records of an employee's hours, as the FLSA requires. *Id.*; *see also* 29 U.S.C. § 211 (providing that employers must "make, keep, and preserve" records of employees' hours).

But *Mt. Clemens* recognized that the FLSA's recordkeeping regime may inadvertently incentivize employers to "fail[] to keep proper records" because those records may later aid a plaintiff in proving overtime liability. 328 U.S. at 687. Such a perverse incentive would "penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work," thereby contravening "[t]he remedial nature of [the FLSA] and the great public policy which it embodies." *Id.*

To alleviate this concern, the Supreme Court in *Mt. Clemens* created a burden-shifting rule that applies when an employer has failed to keep records, or where such records are "inaccurate or inadequate." *Id.* In such cases, a plaintiff need only come forward with evidence that shows "that he

5

has in fact performed work for which he was improperly compensated" and further shows "the amount and extent" of unpaid overtime worked "as a matter of just and reasonable inference." *Id.* Under this relaxed standard, a plaintiff need not prove "the precise extent of uncompensated work," *id.*, though he must present more than "unsubstantiated assertions," *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005).

Once a plaintiff has made this prima facie showing, "[t]he burden then shifts to the employer to come forward with evidence" that rebuts the plaintiff's claims. *Mt. Clemens*, 328 U.S. at 687. The employer can discharge this burden by presenting either "evidence of the precise amount of work performed or . . . evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687–88. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id.* at 688.

While the *Mt. Clemens* framework might seem "lenient," it is "rooted in the view that an employer [should not] benefit from its failure to keep required payroll records, thereby making the best evidence of damages unavailable." *U.S. Dep't of Labor v. Five Star Automatic Fire Prot., L.L.C.*, 987 F.3d 436, 440 (5th Cir. 2021).

### 2.

Next, whether Plaintiffs have met their prima facie burden.

Plaintiffs each estimate an average workweek of 70 hours.[1] To substantiate this estimate, each Plaintiff testified about his usual work

---

[1] The district court miscast Plaintiffs' testimony to denote an "unwavering stance that they worked 70 hours per week even on weeks when doing so would be impossible." To the contrary, Plaintiffs have consistently contended that they worked an *average* of 70 hours per week, not that they worked 70 hours *every* week.

schedule, including his usual daily starting and quitting times. This testimony supported that Plaintiffs each averaged workdays between 11 and 17 hours. Some of this testimony was corroborated by testimony from FS Blinds.[2] In addition, Plaintiffs also produced work orders documenting the jobs they completed during a sample week.[3]

Based on the record before us, Plaintiffs have presented enough to satisfy their "lenient" prima facie burden under *Mt. Clemens*. *See Five Star*, 987 F.3d at 440. Their testimony alone would be sufficient. *See Hobbs v. EVO, Inc.*, 7 F.4th 241, 257 (5th Cir. 2021) ("This leniency [under *Mt. Clemens*] has led us to accept estimates of weekly overtime hours derived from plaintiffs' testimony as adequate evidence[.]"); *see also Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1331 (5th Cir. 1985) (finding plaintiffs' testimony regarding "personal knowledge of the work performed . . . was sufficient to establish, by reasonable inference, the hours worked"); *Hodgson v. Ricky Fashions, Inc.*, 434 F.2d 1261, 1264 (5th Cir. 1970) (same). This is so even though Plaintiffs' testimony offers only an estimated average of hours worked. *See Reeves v. Int'l Tel. and Tel. Corp.*, 616 F.2d 1342, 1352 (5th Cir. 1980) (finding plaintiffs met their burden by offering "an estimated average workweek of approximately 75 hours"); *see also Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 318 (5th Cir. 1981) ("The court found,

---

[2] For example, an FS Blinds representative corroborated that installers began arriving at the warehouse each morning at 5:30 a.m.

[3] Using these records, Plaintiffs estimated hours worked during that sample week at well over 40 hours. Before the district court, Plaintiffs contended that these summary estimates were admissible under Rule 1006 of the Federal Rules of Evidence. But the district court neither mentioned the summaries in its order nor ruled on the summaries' admissibility. FS Blinds now contends that these summaries are inadmissible, but the parties dispute whether FS Blinds properly preserved this issue by objecting in the district court. We need not decide the issue. Even without the summaries, Plaintiffs' testimony and work orders are sufficient to establish the *Mt. Clemens* inference.

based on the testimony of employees, that certain groups of employees averaged certain numbers of hours per week and awarded back pay based on those admittedly approximate calculations.").

In addition to their testimony, though, Plaintiffs offered supporting work orders and some corroborating testimony from FS Blinds. All told, this record evidence hurdles Plaintiffs' *Mt. Clemens* burden. *See Skipper v. Superior Dairies, Inc.*, 512 F.2d 409, 417, 419 (5th Cir. 1975) (holding plaintiff met his burden by offering his own testimony and "73 different delivery lists" showing jobs he completed); *see also O'Meara-Sterling v. Mitchell*, 299 F.2d 401, 404 (5th Cir. 1962) (finding plaintiff's testimony and the timecards of his successor "adequate" to meet his burden).

The district court thus erred when it rejected Plaintiffs' claims as no more than unsubstantiated assertions. It reached that conclusion relying on *Kirk v. Invesco, Limited*, 700 F. App'x 334, 336 (5th Cir. 2017), and *Ihegword v. Harris County Hospital District*, 929 F. Supp. 2d 635, 668 (S.D. Tex. 2013). Of course, neither *Kirk* nor *Ihegword* is binding.[4] In any event, we do not find either case persuasive.

This case's contrast with *Harvill* shows why. In *Harvill*, we rejected the plaintiff's *Mt. Clemens* claim as mere "unsubstantiated assertions" because she "offered no factual allegations *at all* to substantiate her claims," including "*no* evidence of the amount or the extent of hours she worked without compensation" and "*no* evidence that [her employer] was aware she worked overtime hours without compensation." 433 F.3d at 441 (emphases

---

[4] This court's unpublished opinions "do not establish any binding law for the circuit[.]" *Salazar v. Molina*, 37 F.4th 278, 286 (5th Cir. 2022). Likewise, "[a] decision of a federal district court . . . is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).

in original). Only on appeal did Harvill "add[] to her argument" an alleged number of unpaid overtime hours. *Id.* Unlike in *Harvill*, Plaintiffs here have sufficiently substantiated their claim, proffering not only an estimated number of unpaid overtime hours worked but also specific testimony and records to support their estimates.[5]

The district court also conflated the lenient *Mt. Clemens* standard with the more stringent standard that applies in other overtime cases. The district court relied on *Garner v. Chevron Phillips Chemical Company, L.P.*, for the proposition that each Plaintiff must "prov[e], with definite and certain evidence, that he performed work for which he was not properly compensated." *Garner*, 834 F. Supp. 2d 528, 545–46 (S.D. Tex. 2011). But as *Garner* itself makes clear, *id.* at 546, that standard applies in overtime cases where the employer has kept the required time records, not in *Mt. Clemens* cases. Considering the record before us and under the proper standard, Plaintiffs have met their prima facie burden.

### 3.

In response, FS Blinds must rebut Plaintiffs' showing. *Mt. Clemens*, 328 U.S. at 687. Because FS Blinds did not keep records of Plaintiffs' time, it cannot produce "evidence of the precise amount of work [Plaintiffs]

---

[5] On appeal, FS Blinds points for support to *Fairchild v. All American Check Cashing, Inc.*, 815 F.3d 959 (5th Cir. 2016), and *Garcia v. U Pull It Auto & Truck Salvage, Inc.*, 657 F. App'x 293 (5th Cir. 2016). But both cases are inapposite. *Fairchild* does not involve the *Mt. Clemens* standard at all, as the employer there maintained timesheets. 815 F.3d at 965. In *Garcia*, the plaintiff's assertions were insufficiently specific not because they failed to show he worked overtime, but because they failed to show he worked overtime *for which he was not paid*. 657 F. App'x at 297–98. That is not disputed here. We also note that *Garcia* is unpublished and, therefore, not precedential. *See Salazar*, 37 F.4th at 286.

performed." *Id.* But the company can "'disprove' the evidence adduced" by Plaintiffs. *Skipper*, 512 F.2d at 420. It fails to do so.

FS Blinds points to Plaintiffs' deposition testimony and their varied weekly compensation. To be sure, FS Blinds is correct that Plaintiffs' schedules varied week-to-week. But Plaintiffs have never asserted that they worked 70 hours *every* week. Instead, they have consistently maintained that they worked an *average* of 70 hours per week. *See supra* n.1. Therefore, FS Blinds's broad-brush contention that Plaintiffs could not possibly have worked 70 hours every week does not in itself overcome Plaintiffs' overtime allegations.

At most, FS Blinds has identified certain weeks when each Plaintiff worked fewer than 70 hours, or no overtime at all. But FS Blinds nowhere offers undisputed summary judgment evidence demonstrating that Plaintiffs did not work *any* unpaid overtime. Nor does FS Blinds counter Plaintiffs' testimony about their usual start and end times. Thus, while the company has offered evidence that may well bear on the *amount* of overtime Plaintiffs worked, i.e., the compensation they are owed, FS Blinds has failed to negate Plaintiffs' proof that they in fact worked overtime for which they were not compensated.

## B.

But there is a "but." Though Plaintiffs have met their prima facie burden under *Mt. Clemens* to show that they worked unpaid overtime, thereby defeating summary judgment on this issue, Plaintiffs may nonetheless not recover if they were independent contractors, rather than employees. *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 342 (5th Cir. 2008) ("[T]he FLSA applies to employees but not to independent contractors[.]").

In their competing motions for summary judgment, Plaintiffs asserted that they were employees, while FS Blinds contended that Plaintiffs were

independent contractors. The district court denied summary judgment to either side on the issue. In a single sentence in its order disposing of the motions, the district court determined that "a genuine dispute of material fact exists regarding Plaintiffs' employee status." Given its overtime holding, the district court did not analyze the issue further. On appeal, both Plaintiffs and FS Blinds urge us to resolve the issue, though they urge us to reach opposite conclusions.

In determining whether workers are employees or independent contractors, "the pertinent question is whether the alleged employees, as a matter of economic reality, are economically dependent on the business to which they supply their labor and services," or are "in business for [them]sel[ves]." *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019) (quotations and citation omitted). To answer, courts consider five factors:

> (1) the degree of control exercised by the alleged employer;
>
> (2) the extent of the relative investments of the worker and the alleged employer;
>
> (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer;
>
> (4) the skill and initiative required in performing the job; and
>
> (5) the permanency of the relationship.

*Id.* (quoting *Hopkins*, 545 F.3d at 343). While these factors are "non-exhaustive," "[o]nly the economic realities are legally relevant." *Id.* at 379–80. So we do not consider labels attached to the relationship by the alleged employees or employer unless they "mirror economic reality." *Id.* at 380 (quotations omitted). The ultimate determination about whether a worker is an employee or independent contractor is a question of law. *Id.* at 377. But

the findings as to the five factors and the "historical findings of fact that underlie [those] finding[s]" are questions of fact. *Id.* at 378.

Though the district court denied summary judgment on this issue, we could choose to address the question here to the extent it provides an alternate ground for affirmance. *See Doctor's Hosp. of Jefferson, Inc. v. Se. Med. All., Inc.*, 123 F.3d 301, 307 (5th Cir. 1997) ("A district court's grant of summary judgment may be affirmed on grounds supported by the record other than those relied on by the court."). "But we have no obligation to do that." *George v. SI Group, Inc.*, 36 F.4th 611, 626 (5th Cir. 2022) (Oldham, J., concurring in part) (citing *Sanders-Burns v. City of Plano*, 594 F.3d 366, 383 (5th Cir. 2010)).

Whether Plaintiffs are independent contractors or employees is "fact intensive." *Hathcock v. Acme Truck Lines, Inc.*, 262 F.3d 522, 527 (5th Cir. 2001); *cf. Parrish*, 917 F.3d at 380 ("Like every FLSA action in a similar posture, the instant cross-motions for summary judgment are 'very fact dependent.'" (citation omitted)). But the district court's order did not grapple with the facts in this case, only determining without explanation that "a genuine question of material fact exist[ed.]" Nor did the district court decide whether to consider the additional factors proffered by the parties—namely, whether Plaintiffs were integral to FS Blinds's operation and whether Plaintiffs represented themselves as independent contractors.

Of course, this approach was not unreasonable given the court's conclusion that Plaintiffs failed to substantiate their prima facie case; that holding made it unnecessary to delve any deeper into Plaintiffs' employment relationship with FS Blinds. With our reversal of that holding, however, this alternative ground for summary judgment is again salient. Mindful that we are a "court of review, not of first view," *Landry's, Inc. v. Ins. Co. of the State*

*of Penn.*, 4 F.4th 366, 372 n.4 (5th Cir. 2021), we decline to reach the issue to allow the district court to consider it first.[6]

## IV.

Finally, a word on damages. Should the district court conclude that Plaintiffs are employees (instead of independent contractors) and otherwise entitled to recover unpaid overtime compensation, it should then proceed to "do the best [it] can in assessing damages." *Mitchell v. Riley*, 296 F.2d 614, 616 (5th Cir. 1961). "We do not minimize [the district court's] difficulties" in "translat[ing]" the facts of this case "into dollars" for damages. *Mitchell v. Mitchell Truck Line, Inc.*, 286 F.2d 721, 725 (5th Cir. 1961). But under *Mt. Clemens*, the "[d]ifficulty of ascertainment is no longer confused with right of recovery." *Id.* (citation omitted). Though Plaintiffs' estimates are likely not "perfectly accurate," they can still "provide[] a sufficient basis" for an award of damages under *Mt. Clemens*. *Marshall v. Mammas Fried Chicken, Inc.*, 590 F.2d 598, 599 (5th Cir. 1979).

In this process, FS Blinds has no right "to complain that the damages" determined by the district court inevitably will "lack the exactness and precision of measurement that would be possible had [it] kept records in accordance with the [FLSA's] requirements." *Mt. Clemens*, 328 U.S. at 688; *see also Mitchell Truck Line*, 286 F.2d at 725 ("The employer cannot really complain that matters are left in great uncertainty."). Nevertheless, the district court may consider whether FS Blinds has identified errors in Plaintiffs' calculations. "It may well be that in this process the [district

---

[6] We also note that this court applies a "presumption [that] weighs in favor of submission of [employee-status] inquiries to the jury." *Hathcock*, 262 F.3d at 527. This can be overcome where the facts "permit[] only one reasonable conclusion." *Id.* We leave it to the district court to determine in the first instance whether the facts here overcome that presumption for Plaintiffs or for FS Blinds.

court] will feel that further evidence should be taken." *Mitchell Truck Line*, 286 at 726. And if the evidence adduced substantiates errors in Plaintiffs' alleged overtime amounts, the district court should reduce damages awarded accordingly. *See Hobbs*, 7 F.4th at 258 ("We note that the district court reduced the number of hours claimed by each Plaintiff based on errors that [the Defendant] brought to its attention.").

## V.

The district court erred in holding that Plaintiffs failed to meet their prima facie burden to substantiate overtime under *Mt. Clemens*. The court's summary judgment in favor of FS Blinds based on this conclusion was therefore likewise in error. Accordingly, we reverse the district court's grant of summary judgment on this issue and remand for further proceedings consistent with this opinion. We foreshadow no outcome as to the questions that remain for the district court to consider on remand—including whether Plaintiffs were employees of FS Blinds or independent contractors, and, if they were employees, the appropriate overtime compensation to be awarded as damages in this action. We hold only that Plaintiffs have met their prima facie burden under *Mt. Clemens* to show they worked overtime.

REVERSED and REMANDED.